NUMBER 13-03-720-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ADAM VERA DIAZ,                                                                     Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 103rd District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Adam Vera Diaz, pled guilty to driving while intoxicated and was
assessed an enhanced sentence of two years of imprisonment in the Texas Department
of Criminal Justice, Institutional Division.


 In his sole issue before this Court, appellant
contends that the trial court erred by denying his motion to suppress because the traffic
stop that led to his arrest was made without reasonable suspicion. Because we conclude
that the officer who stopped appellant had reasonable suspicion of criminal activity, we
hold that the traffic stop was not unreasonable and therefore overrule appellant’s sole
issue. 
A trial court’s decision on a motion to suppress is reviewed for abuse of discretion. 
Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). Almost total deference is
given to the trial court’s evaluation of the historical facts of the case. Guzman v. State, 955
S.W.2d 85, 87 (Tex. Crim. App. 1997). Where a finding of fact is not explicit, we are
obligated to view the facts in the light most favorable to the trial court’s ultimate ruling. 
Ballentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Likewise, mixed questions
of law and fact are reviewed in the light most favorable to the trial court’s ruling when the
resolution of these questions turns on an evaluation of credibility and demeanor. Guzman,
955 S.W.2d at 89. However, pure questions of law on the subject of reasonable suspicion
are reviewed de novo. Id. at 87 (citing Ornelas v. United States, 517 U.S. 690, 691
(1996)). 
If the initial stop is illegal, then all evidence gathered pursuant to the stop must be
suppressed. Wong Sun v. United States, 371 U.S. 471, 484–85 (1963). To justify even
a brief investigative detention, such as the stop that occurred in this case, an officer “must
be able to point to specific and articulable facts which, taken together with rational
inferences from those facts, reasonably warrant the intrusion.” Terry v. Ohio, 392 U.S. 1,
21 (1968); see also Adams v. Williams, 407 U.S. 143, 145 (1972) (applying the standard
equally to the stop of an automobile as that of a pedestrian); Davis v. State, 947 S.W.2d
240, 244 (Tex. Crim. App. 1997). The articulable facts “must create some reasonable
suspicion that some activity out of the ordinary is occurring or has occurred, some
suggestion to connect the detainee with the unusual activity, and some indication the
unusual activity is related to crime.” Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App.
1989). The knowledge forming the basis of the suspicion need not be derived from the
officer’s personal observation but may be the result of information submitted by an
informant. Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). Furthermore,
in determining whether the officer had reasonable suspicion, we disregard the officer’s
subjective intent and look for an objective basis for reasonable suspicion. See Garcia v.
State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). It cannot be overstated that
reasonable suspicion requires a lower degree of certainty than probable cause. See
Adams, 407 U.S. at 145–46.  
Only a brief detention occurred in this case: appellant was stopped for limited
questioning about a specific crime that was committed in the same city earlier that night
by someone driving a car of the same color, make, and model as appellant’s car. During
this questioning, the officer who detained appellant smelled a strong odor of alcohol
emanating from appellant and noticed other signs of intoxication, which prompted him to
eventually arrest appellant for driving while intoxicated. Appellant contends that the officer
stopped him illegally because he lacked sufficient articulable facts to substantiate a
reasonable suspicion of criminal activity. Appellant, however, fails to cite even one case
reaching such a conclusion under similar circumstances. Considering the specific facts
known to the officer in this case—including that the city of Harlingen is a relatively small
city, that there was not “much activity going on [in Harlingen] in the first place,” and that
appellant’s detention occurred during a “low activity time,” the “wee hours of the
morning”—and all the rational inferences that can be taken from those facts, the
marginality of the intrusion on appellant’s expectation of privacy that was inflicted by the
officer, and the absence of case precedent prohibiting such police conduct under similar
circumstances, we hold that the detention was based on reasonable suspicion. In doing
so, we note that other courts have found reasonable suspicion in cases involving similar
circumstances. See, e.g., Louis v. State, 825 S.W.2d 752, 755 (Tex. App.—Houston [14th
Dist.] 1992, pet. ref'd) (holding that a description of two black males in a white Oldsmobile
somewhat matched broadcast description of suspects arrested (three black men in a tan
Cadillac) sufficiently to give officers reasonable suspicion to stop suspect after a recent
robbery that occurred nearby).
Appellant, however, argues that we should not consider any of the information that
was broadcast to the officer over the police radio because the police dispatcher received
that information from an anonymous informant. Appellant argues that because the State
did not prove the independent reliability of the anonymous informant or otherwise
corroborate the information supplied by the informant, this information cannot be used to
justify the officer’s reasonable suspicion. Thus, according to appellant, the detention
should be evaluated as if the officer did not know that a theft had occurred earlier that night
at a nearby convenience store and that the perpetrators fled the crime scene in a red
Chevrolet Camaro, the same color, make, and model car that appellant was driving at the
time of the stop. 
Appellant’s contention is made without citation to any supportive authority. See Tex.
R. App. P. 38.1(h). Appellant has not directed this Court to any case law discussing the
reliability of anonymous informants or explaining under what circumstances the victim of
a specific crime, such as the one that was reported in this case, is to be labeled an
“anonymous informant.” Even more fundamentally, appellant has not established that the
information known to the officer in this case originated from an anonymous informant. 
Appellant has failed to support his contention with the relevant jurisprudential analytical
framework necessary to evaluate the merits of his claim. This Court will not make novel
legal arguments for appellant. See Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim.
App. 1996). The issue is therefore inadequately briefed and cannot be sustained. See
Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002) (overruling appellate issue
because party failed to provide any legal analysis supporting its position); see also Tex. R.
App. P. 38.1(h). It is therefore overruled. 
The judgment of the trial court is affirmed.
 
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 26th day of August, 2004.